## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**TIFFANY PASCAL,**

    **Plaintiff,**

                              **CASE NO.:**

v.

**CYPRESS PHARMACY, INC.**
**d/b/a CYPRESS WELLNESS PHARMACY,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIFFANY PASCAL, by and through undersigned counsel, brings this action against Defendants, CYPRESS PHARMACY, INC. d/b/a CYPRESS WELLNESS PHARMACY, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Pregnant Workers Fairness Act, as amended ("PWFA"), 42 U.S.C. § 2000gg *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 2601 *et seq.*, 42 U.S.C. § 2000gg *et seq.*, and 42 U.S.C. § 2000e *et seq.*

3. This Court also has pendent jurisdiction over the state law claims.

4. Venue is proper in this District, because all of the events giving rise to these claims occurred in Lee County which is in this District.

## PARTIES

5. Plaintiff is a resident of Lee County, Florida, and she worked for Defendant in Lee County.

6. Defendant operates a company based in Lee County, Florida, where Plaintiff worked for Defendant.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, Title VII, the FCRA, and the PWFA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

9. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the FCRA, and the PWFA.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant on or around May 26, 2022.

14. In or around October 2024, Plaintiff informed Defendant that she was pregnant.

15. Plaintiff required and requested the reasonable accommodation of a brief and defined leave of absence, due to her pregnancy.

16. Additionally, Plaintiff's pregnancy was a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

17. Defendant began training new employees for Plaintiff's position, supposedly, so that they could perform Plaintiff's job, while Plaintiff was on this maternity leave, which was set to begin in March 2025.

18. Plaintiff's requested leave was protected by the FMLA.

19. Plaintiff requested to utilize FMLA for this leave of absence.

20. Defendant did then offer Plaintiff FMLA leave for this leave of absence.

21. Plaintiff was entitled to FMLA leave.

22. In the alternative, Defendant misrepresented to Plaintiff that Plaintiff was entitled to FMLA leave by offering FMLA leave to Plaintiff, intending that Plaintiff would rely on this offer, which Plaintiff did to her detriment.

23. On or around February 26, 2025, Plaintiff's car overheated, and she was unable to make it into work, so Plaintiff notified Defendant of this.

24. At this time, Plaintiff had only two (2) more days before her maternity leave was set to begin.

25. Plaintiff asked Defendant if she could simply begin her maternity leave two (2) days early.

26. Defendant replied, "are you saying you are not coming back to work?"

27. Plaintiff objected to Defendant's sex and pregnancy discrimination, and advised Defendant that if she was really needed, she could come into work for the next two days, as originally planned, instead of going on maternity leave two (2) days early.

28. However, Defendant then immediately terminated Plaintiff.

29. Defendant terminated Plaintiff based on her sex and pregnancy, in interference with her FMLA rights, and in retaliation for Plaintiff having engaged in protected activity under Title VII, the PWFA, the FCRA, and the FMLA.

## COUNT I – FMLA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 8, 10 through 14, and 16 through 29 of this Complaint as fully set forth herein.

31. Plaintiff required time off from work to care for her serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

b) An injunction restraining continued violation of the FMLA by Defendant;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e) Front pay;

f) Liquidated Damages;

g) Prejudgment interest on all monetary recovery obtained;

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA INTERFERENCE

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 8, 10 through 14, and 16 through 29 of this Complaint as fully set forth herein.

37. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. By terminating Plaintiff's employment for a pretextual reason, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    b)    An injunction restraining continued violation of the FMLA by Defendant;

 c) Compensation for lost wages, benefits, and other remuneration;

 d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

 e) Front pay;

 f) Liquidated Damages;

 g) Prejudgment interest on all monetary recovery obtained;

 h) All costs and attorney's fees incurred in prosecuting these claims; and

 i) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 17, and 23 through 29 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class under Title VII, based on her sex.

43. Defendant subjected Plaintiff to disparate treatment on the basis of her sex, including termination of her employment.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Any other compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained.

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 17, and 23 through 29 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under Title VII, based on her sex.

48. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

49. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

50. Defendant's actions were willful and done with malice.

51. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

52. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

    d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e)    Compensation for lost wages, benefits, and other remuneration;

    f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)    Front pay;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (SEX DISCRIMINATION)

53.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 17, and 23 through 29 of this Complaint, as though fully set forth herein.

54.    Plaintiff is a member of a protected class under the FCRA.

55. Plaintiff was subjected to disparate treatment by Defendant on the basis of her sex, Defendant failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against her by terminating her after she engaged in protected activity.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 17, and 23 through 29 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA, as a female.

60. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

62. Defendant's actions were willful and done with malice.

63. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

64. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

    f)    Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT VII – PWFA FAILURE TO ACCOMMODATE

65. Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 7, 9 through 15, 17, and 23 through 29 of this Complaint, as fully set forth herein.

66. Plaintiff informed Defendant of her pregnancy.

67. Plaintiff was an expectant mother, who was entitled to special protections under the PWFA, and required leave protected under the PWFA.

68. Plaintiff exercised or attempted to exercise her rights under the PWFA, including by requesting leave protected under the PWFA.

69. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's rights under the PWFA.

70. Defendant's actions were willful and done with malice.

71. Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

    b) An injunction restraining continued violation of the PWFA by Defendant;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

    e) Liquidated damages;

    f) Prejudgment interest on all monetary recovery obtained;

    g) All costs and attorneys' fees incurred in prosecuting these claims; and

    h) For such further relief as this Court deems just and equitable.

## COUNT VIII – PWFA RETALIATION

72. Plaintiff realleges and readopts the allegations set forth in paragraphs 1 through 7, 9 through 15, 17, and 23 through 29 of this Complaint, as fully set forth herein.

73. Plaintiff requested maternity leave from Defendant and objected to disparate treatment that she was receiving from Defendant, due to her pregnancy.

74. Plaintiff was an expectant mother who was entitled to special protections under the PWFA, and she required leave protected under the PWFA.

75. By inquiring about leave that qualified as protected leave under the PWFA and objecting to Defendant's disparate treatment of Plaintiff based on her pregnancy, Plaintiff exercised or attempted to exercise her rights under the PWFA.

76. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for attempting to exercise her rights under the PWFA.

77. Terminating Plaintiff's employment constitutes as an "adverse action" under the PWFA.  42 U.S.C. § 2000gg–1(5).

78. Defendant's actions were willful and done with malice.

79. Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

    b) An injunction restraining continued violation of the PWFA by Defendant;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

e) Liquidated damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorneys' fees incurred in prosecuting these claims; and

h) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12th day of February, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**